IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| S&D Trading Academy, LLC, and<br>S&D Global Trading, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>AAFIS, INC. HELEN SHIH,<br>AND MARTY SHIH<br><br>Defendants. | § § § § § § § § § § § § | CIVIL ACTION NUMBER<br><br>3:06-V-00739 |

**DEFENDANT AAFIS, INC.S' MOTION TO DISMISS FOR *FORUM NON CONVENIENS***

Comes now defendants AAFIS, Inc. ("AAFIS") and moves to dismiss all of plaintiffs' claims against it for *forum non conveniens* in favor of a judicial forum in the Peoples' Republic of China (the "PRC") and states as follows:

### I.    FACTUAL BACKGROUND

Plaintiffs allege that they entered into an oral agreement with AAFIS to provide consultation and training to help AAFIS employees become day traders. Assuming that such an agreement existed, plaintiffs concede that the purpose of the agreement was for D.J. Cleary ("Cleary") and his colleague Robert Compher ("Compher") to provide training in "day trading" techniques to other traders and (according to plaintiffs) related "consulting" services. (Plaintiffs' First Amended Complaint ¶ 12). All of the traders who were to be trained were citizens of the PRC and were employees the Asian American Association Shen Yang ("ASY"), which is a Chinese limited liability company based in the Chinese city of Shen Yang. *See* Declaration of

Helen Shih ("Shih Dec.") ¶¶5-6.[1]  None of these traders were employees of AAFIS. Shih Dec. ¶ 7.

The agreement was negotiated by Cleary and his colleague, Rob Compher, and by Mitch Cariaga.[2]  Cariaga is not an employee of AAFIS; he is an independent contractor. (Shih Dec. ¶ 12). Further, some of the negotiations took place in China, and Cleary and Compher traveled from Texas to China to meet with Cariaga. Shih Dec. ¶¶ 23-24.

Most of the training under the agreement took place in China, and the agreement required Cleary and Compher to regularly travel to China, one or both approximately once each month, to perform services under the agreement. Shih Dec. ¶ 26. While Cleary provided some training in Houston to traders employed by ASY, that was only because Cleary resided there and unilaterally chose to have the training there. The agreement did not require that any training be provided in Texas, and any number of other, non-Texas locations would have been acceptable to ASY. Shih Dec. ¶ 21.

All of the traders trained by Cleary and/or Compher are citizens of the PRC currently residing in the PRC and are, therefore, outside the subpoena power of this Court. Further, even if they were willing to voluntarily appear in a United States' court, some or all of them may not be able to obtain travel visas. Additionally, none of these traders speak much, if any, English, and the documents detailing their trading records are in Chinese and are located in the PRC. Shih Dec. 32-36.

---

[1] The original of the Shih Dec. was attached as an exhibit to AAFIS's previously filed motion to dismiss for lack of personal jurisdiction and is incorporated by reference. For the Court's convenience, a true and correct copy of the Shih Dec. is attached as Exhibit A. Additionally, AAFIS incorporates by reference its previously filed motion to dismiss for lack of personal jurisdiction.

[2] AAFIS does not concede that it was a party to the agreement. AAFIS's position for purposes of this motion, however, is that, even accepting as true plaintiffs' allegation that AAFIS was a party to the agreement, dismissal on the basis of *forum non conveniens* is still appropriate.

By contrast, not only does the law of the PRC recognize causes of action for breach of contract and misappropriation of trade secrets – the causes of action asserted by plaintiffs – but the trial of this case in the PRC would be more efficient and less costly, and only a court in the PRC has the power to compel the production of all the relevant documents located in the PRC and the testimony of all the witnesses who reside in the PRC. Accordingly, this case should be dismissed for *forum non conveniens* in favor of a forum in the PRC.

## II.     ARGUMENT

A federal district court has the authority to dismiss a case for *forum non conveniens* based on its inherent power to control the parties and cases before it. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947); *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993). A court may dismiss a suit for *forum non conveniens* if there is an available and adequate alternative forum and the balance of the private and public interest factors, outlined by the Supreme Court in *Gulf Oil* and subsequent cases, favor dismissal. *Gulf Oil*, 330 U.S. at 508-09. In this case, the PRC is an available and adequate forum and the public and private interest factors favor dismissal of this action in favor of the PRC.

Until recently, however, in this Circuit, a court could not rule on a *forum non conveniens* motion until it had resolved all pending jurisdictional issues. *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652-54 (5th Cir. 2005) (per curiam). Because AAFIS previously filed a motion to dismiss for lack of personal jurisdiction which had to be resolved before any *forum non conveniens* motion, AAFIS originally intended to file this motion only if the Court denied its personal jurisdiction motion.

Recently, however, the Supreme Court overruled *Dominguez-Cota* and held that a district court may dismiss an action for *forum non conveniens* without resolving pending jurisdictional issues. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191-94

3

(2007). Accordingly, AAFIS now moves for dismissal for *forum non conveniens* in advance of the Court's ruling on its pending motion to dismiss for lack of personal jurisdiction.

A.     **China is an available and adequate forum.**

An alternative forum is available "when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981). Here, AAFIS is willing to accept service of process from a court in the PRC that would otherwise have jurisdiction over this matter and to consent to the jurisdiction of such a court. Accordingly, the PRC is an available alternate forum. *See Seguros Comercial Americas S.A. de C.V. v. American President Lines*, 910 F. Supp. 1235, 1245 (S.D. Tex. 1995), *vacated on other grounds*, 105 F.3d 198 (5th Cir. 1996).

An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Gonzales v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002) (internal quotation omitted). Plaintiffs have sued AAFIS for breach of contract and misappropriation of trade secrets. (Plaintiffs' First Amended Complaint ¶¶ 22-32). The law of the PRC recognizes both of these cause of action .

The PRC law recognizes both oral and written contracts and affords remedies for their breach that are similar to those available under U.S. law, including benefit of the bargain damages. *See* Declaration of Huaiyu Xi (hereafter Xi Dec.) ¶ 5(a) (the Xi Dec. is attached hereto as Exhibit B). The PRC also recognizes a cause of action for the improper misappropriation of trade and commercial secrets. *See* Xi Dec. ¶ 5(b). Chinese law allows the recovery of damages for the unlawful misappropriation of trade secrets, and, in certain circumstances, also imposes criminal sanctions. *See* Xi Dec. ¶ 5(b).

Additionally, the Xi Dec. sets forth the procedures by which a non-Chinese national, like plaintiffs in this case, can file suit for breach of contract and misappropriate of trade secrets in the courts of the PRC, the available procedural rights and remedies, and the process from filing through trial, and possible appeal, through final judgment of such a case. As the Xi Dec. makes clear, the PRC court system would provide a fast, fair, and effective resolution to plaintiffs' claims.

**B.     The private factors favor a forum in the PRC.**

Where, as here, an adequate, alternative forum exists, the Court should next examine the relevant "private interest" factors. These factors include such things as: (1) relative ease of access to sources of proof; (2) cost and feasibility of bringing willing and unwilling witnesses to trial; (3) enforceability of the alternative forum's judgment; and (4) other practical problems that make trial of a case easy, expeditious, and inexpensive. *See Gulf Oil*, 330 U.S. at 508; *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999).

These factors favor dismissal of the present case. First, the majority of the sources of proof are in the PRC. All of the traders who were trained are residents of the PRC. At the time of training, all were employed by ASY. All of these traders are necessary witnesses to refute plaintiffs' misappropriation of trade secrets claim. It will be necessary for those traders trained by Cleary and Compher to testify as to what they were taught, what percentage of what they were taught they actually used, and whether they received any request that they keep confidential anything they were taught. It will also be necessary to compare the testimony of all the traders trained by Cleary and Compher with all those who were not trained by them to demonstrate that the former were not given any information by Cleary and Compher that could be classified as trade secrets or that any trade secrets were disclosed. The testimony of only a sampling will not suffice because it could always be agued that the sample was incomplete and the an investigation

5

of other traders would show that trade secrets were disclosed. Only be examining all the traders can it be demonstrate beyond cavil that no trade secrets were disclosed to the traders, no request for confidentiality was ever made to any of them, and no trade secrets were disclosed by any of them. *See* Shih Dec. ¶¶ 7, 32-35.

None of these witnesses are within this Court's subpoena power, but, as residents of the PRC, all could be compelled to testify by the courts of the PRC. Xi Dec. ¶ 6. Further, even if these witnesses were willing to testify in Galveston, they might not be able to obtain travel visas. Moreover, few, if any of these witnesses speak English and would, therefore, require translators if they were to testify in a United States' court. Shih Dec. ¶ 36. Thus, the cost of obtaining depositions or trial testimony of these witnesses "would be exceedingly high" due to travel, interpreters, and other costs, and these increased costs favor dismissal. *Pain v. United Technologies Corp.*, 637 F.2d 775, 790 (D.C. Cir. 1980) *overruled in part on other grounds* in *Piper*, 454 U.S. at 241.[3] By contrast the English speaking witnesses (and the only witnesses in the United States) are few in number – Cleary and Compher, Helen and Marty Shih, and Mitch Cariaga, and English is a second language for each of the Shihs and both would probably require translators for deposition and trial testimony.

Likewise, the trading records of all the ASY traders will also be necessary evidence to refute plaintiffs' trade secrets claim because a comparison of the trading records of the traders trained by Cleary and Compher with the trading records of those who were not would demonstrate that no proprietary or confidential information was transmitted by Cleary and Compher or disclosed by any traders. Most of these records are in Chinese and are located in the PRC. Shih Dec. ¶ 27.

---

[3] *See Nemariam v. Federal Democratic Republic of Ethiopia*, 315 F.3d 390, 393 (D.C. Cir. 2003).

Additionally, plaintiffs claim as part of their damages that they were entitled to "base compensation of US$1.00 for each 1,000 shares traded . . . plus bonus compensation of 1/3 net profit [sic] earned by each AAFIS Trader trained" by plaintiffs. (Plaintiffs' First Amended Complaint ¶ 12). Records related to these damages claims are located primarily in the PRC and are in Chinese, including documents related to the number of shares traded by individual traders, their profits and losses, and their salaries. Shih Dec. ¶ 27. Further, relevant accounting and bookkeeping records are located in the PRC. Shih Dec. ¶ 28.

Where, as here, a large portion of the evidence is located in the alternative forum, dismissal is appropriate. *See Reyno*, 454 U.S. at 258; *Baumgart* 981 F.2d at 836. Further, the fact that trying this case in the United States would require the extensive use of translators for numerous non-English speaking witnesses, high travel costs and other travel-related difficulties for these witnesses (Shih Dec. ¶ 36), and the translation of numerous documents also favors transfer. These practical problems would all be overcome if trial were held in the PRC.

Moreover, the burden on AAFIS of litigating in Texas is substantial. AAFIS has no office, assets, or other connection with Texas. Shih Dec. ¶ 9. Its majority owner and principal officer, Helen Shih, is a California resident, as is Mitch Cariaga, who was the principal negotiator of the agreement at issue. Shih Dec. ¶¶ 1, 10-14, 24, 30-31.

By contrast, Shih and Cariaga travel regularly to the PRC on other business and can and will be available to testify at trial. Likewise, Cleary and Compher regularly traveled to the PRC to perform under the agreement (Shih Dec. ¶ 26), and, moreover, it is undisputed that the agreement at issue in this suit was cancelled because Cleary and Compher refused to agree not to compete with ASY in the PRC during the term of the agreement, thus demonstrating plaintiffs'

intent to attempt to do business in the PRC on a regular basis. Accordingly, plaintiffs should not be heard to complain that litigating in the PRC would be unduly burdensome.

Therefore, for these reasons, the Court should find that the overall balance of private interest factors in this suit favors dismissal in favor of the courts of the PRC.[4]

**C.      The public interest factors also favor the PRC.**

If the private interest factors favor dismissal, the Court need not consider the public interest factors. *Baumgart*, 981 F.2d at 837. Should the Court determine, however, that the private interest factors are evenly split, or weigh against dismissal, the Court should then consider the "public interest" factors. *In Re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165-66 (5th Cir. 1987) (en banc), *aff'd in part and vacated in part on other grounds sub nom. Pan Am World Airways, Inc. v. Lopez*, 109 S. Ct. 1928 (1989). These include

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Baumgart* at 981 F.2d at 837 n.14 (citing *Gilbert* 330 U.S. at 508). These public factors also favor dismissal.

The PRC has an interest in resolving this dispute, while Texas' interest in being the forum state and plaintiffs' interest in litigating in Texas are tenuous. The contract was

---

[4] For example, *Baumgart* involved a suit filed in Texas concerning an air crash in Germany. The Fifth Circuit found that several private interest factors favored dismissal, including (1) the existence in Germany of almost all of the physical evidence relating to the accident, documentary evidence concerning the aircraft, and evidence relating to damages; (2) the fact that the witnesses in Germany are beyond the reach of the district court's compulsory process, thus requiring the parties, if jurisdiction over the case were retained, to face the cost of deposing foreign witnesses and the prospect of not having live witnesses at trial; and (3) language problems that would arise if the case were tried in the United States, including the need to translate into English all documents and investigation reports created in Germany. *Baumgart*, 981 F.2d at 836.

negotiated, at least in part, in the PRC, involved the training of citizens of the PRC who were employed by a company organized and having its principal place of business in the PRC, and required partial performance in the PRC. Therefore, (1) the law of the PRC is likely controlling and (2) plaintiffs should, in any event, have anticipated the possibility of litigation in a foreign forum.

The only connections between this case and Texas are (1) plaintiffs are Texas corporations with their principal place of business in the Houston Division; (2) Cleary and Compher reside in the Houston Division; (3) some of the contract negotiations occurred in the Houston Division; and (4) some of the ASY employees were trained in the Houston Division. But training occurred in Houston only because Cleary resided there. All of the trainees were PRC residents, and the training could have occurred anywhere. The location of the training was not material to the contract's purpose, and from the point of view of ASY and AAFIS, many other locations would have been equally or more convenient and acceptable. (Shih Dec. 21). That Cleary unilaterally insisted that some performance occur in Texas, and that ASY and AAFIS tried to accommodate this request, does not give Texas a greater interest in being the forum in which this dispute is decided.

Further, all the connections between this case and Texas relate only to the Houston Division. There is no connection between this case and the Galveston and no reason to burden either this Court's resources or the citizens of the Galveston Division with the resolution of this dispute. *See Gilbert* 330 U.S. at 508-09 (jury duty is a burden that should not be imposed on a community with no relation to the controversy). This is especially true given that both the testimony of numerous witnesses and numerous dockets would have to be translated from Chinese into English, imposing an additional burden on the Court's resources and upon the jury,

who may find it difficult to follow the proceedings if much of the testimony and documents have to be translated.

Therefore, for these reasons, both the public and private factors favor dismissal of this case in favor of the courts of the PRC.

### III.   CONCLUSION AND PRAYER

For these reasons, AAFIS respectfully requests that this Court dismiss all of plaintiffs' claims against it for *forum non conveniens* in favor of a court in the Peoples' Republic of China and that AAFIS have all other relief to which it is entitled.

                                        Respectfully submitted,

                                        _____

                                        Ben C. Broocks
                                        State Bar No. 03058800
                                        Federal Bar ID 7421
                                        **JACKSON WALKER L.L.P.**
                                        100 Congress Avenue, Suite 1100
                                        Austin, TX 78701
                                        512.236.2000 (main)
                                        512.236.2002 (fax)
                                        **ATTORNEY IN CHARGE FOR**
                                        **DEFENDANT AAFIS, INC.**

**OF COUNSEL:**

**JACKSON WALKER L.L.P.**
Alan Daughtry
State Bar No. 00793583
Federal Bar ID 27989
1401 McKinney Street, Suite 1900
Houston, TX 77010-9907
713.752.4200 (main)
713.752.4221 (fax)

Mark L. Walters
State Bar No. 00788611
Federal Bar ID 18109
100 Congress Avenue, Suite 1100
Austin, TX 78701
512.236.2000 (main)
512.236.2002 (fax)

## CERTIFICATE OF SERVICE

Service of the foregoing will be accomplished automatically through a notice of electronic filing on the persons listed below.

Francis Spagnoletti
David S. Toy
401 Louisiana Street, 8th Floor
Houston, Texas  77002

_____
Mark L. Walters