IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| S&D Trading Academy, LLC, and<br>S&D Global Trading, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>AAFIS, INC. HELEN SHIH,<br>AND MARTY SHIH<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br><br>3:06-V-00739 |

## REPLY BRIEF OF DEFENDANT AAFIS, INC. IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS

Defendant AAFIS, Inc. ("AAFIS") files its reply brief in support of its motion to dismiss for forum non conveniens and states as follows:

The evidence submitted by AAFIS establishes that the Peoples Republic of China ("PRC") is an adequate forum, and that the relevant public and private interest factors favor dismissal of this case in favor of the PRC. Plaintiffs have submitted no controverting evidence and have otherwise failed to demonstrate that this case should be retained in this Court.

A. **The PRC is an adequate forum.**

Plaintiffs argue that the PRC is not an adequate forum because (1) Texas law governs this dispute; (2) the contract was negotiated by English speakers; and (3) if plaintiffs filed suit in the PRC, it would likely be dismissed for forum non conveniens.

For the reasons discussed below, there is insufficient evidence for the Court to determine at this time whether Texas law or the law of the PRC applies, and plaintiffs cite no


EXHIBIT A

authority that the native language of the parties negotiating the contract is relevant to deciding a forum non conveniens motion, nor any authority that the PRC has a doctrine like forum non conveniens, much less that it would apply it in this case.

A foreign forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Gonzales v. Chrysler Corp.,* 301 F.3d 377, 379-80 (5th Cir. 2002) (citation omitted). The PRC recognizes causes of action for breach of contract and misappropriation of trade secrets — the two claims asserted by plaintiffs in this suit — and the elements of and damages recoverable under these causes of action under the law of the PRC are the same as or similar to those under United States law. Therefore, the PRC is an adequate forum.

**B.     Plaintiffs have failed to demonstrate that Texas law applies or that the application of Texas law or the law of the PRC matters to the ultimate outcome of the suit.**

Plaintiffs argue that their claims are controlled by Texas law because some of the negotiations and performance occurred in Houston. In a diversity case like this one, a federal court applies the choice-of-law rules of the state in which it sits. *See, e.g., Mayo v. Hartford Life Ins. Co.,* 354 F.3d 400, 403 (5th Cir. 2004). Under Texas law, a court should under a choice-law-analysis only where it has been demonstrated that the laws of two or more different forums may apply and that a material difference exists between the forums' laws on one or more points at issue. *See Greenberg Traurig of New York v. Moody*, 161 S.W.3d 56, 69 (Tex. App. – Houston [14th Dist.] 2004, no pet.). In this case, there is no evidence that the law of Texas for breach of contract and misappropriation of trade secrets is materially

2

different from the law of the PRC. If that is the case, then it does not matter whether the Court applies Texas law or the law of the PRC, and no choice-of-law analysis is necessary or proper.

If a material difference exists, then this Court, as a federal district court sitting in Texas, should apply Texas choice-of-law rules to determine which law to apply. Texas applies the "most significant relationship test" as set forth in Restatement of Conflicts of Laws §§ 6 & 188 for contract claims. These sections set out a non-exhaustive list of public and private factors a court may consider in determining which forum[1] has the most significant relationship to the dispute, such as the relevant policies of the forum and any other interested jurisdictions (§ 6) and the places(s) of negotiating, contracting, and performance (§ 188). Additionally, the agreement in question might be deemed a personal services contract, to which Texas law applies Restatement § 196,[2] and under which a court should apply the law of the jurisdiction in which a majority of performance occurred, unless another forum has a more significant relationship to the litigation.

In this case, a conflict between Texas law and the law of the PRC has not been established, but even assuming one exists, there is insufficient evidence for the Court to determine at this time which law applies. The evidence establishes that some negotiations and some performance occurred in both Texas and the PRC, but the parties dispute whether more occurred in Texas or in the PRC (although it is undisputed that the agreement required

---

[1] The Restatement and the Texas and Texas-related case law construing it speak of "states." However, the Restatement defines a "state" as a "territorial unity with a distinct body of law." Thus each of the United States is a "state," and, in addition the United States itself is a "state" with respect to federal law. Based on the evidence before the Court, it appears that the law of the PRC is uniform with respect to claims for breach of contract and misappropriate of trade secrets such that the PRC is also a "state" for purposes of applying the Restatement.

[2] *See Maxus Exploration Co. v. Moran Bros., Inc.*, 871 S.W.2d 50, 53-54 (Tex. 1991).

3

D. J. Cleary and Robert Compher to travel to the PRC to perform under the agreement, while partial performance in Texas was neither negotiated for nor required by AAFIS under the contract). Accordingly, based on the record before the Court, there is insufficient evidence to determine that Texas law applies to this dispute, and, thus, the application (or non-application) of Texas law should have no bearing on AAFIS' forum non conveniens motion.

## C. The relevant public and private interest factors favor the PRC.

### 1. The private interest factors favor the PRC.

With respect to the relative ease of access to sources of proof and other factors that would make trial easy, expeditious, and inexpensive, plaintiffs argue that it would be more convenient for Cleary and Compher if this case were retained in this Court because they live in Houston and do not speak Chinese. Plaintiffs do not dispute, however, that (1) the agreement required Cleary or Compher or both to travel to the PRC to perform under the agreement, and that both Cleary and Compher did in fact travel to the PRC to perform under the agreement or (2) that the parties' failure to reach a written agreement was caused by Cleary and Compher's refusal to agree to a provision not to compete in the PRC. Further, plaintiffs do not dispute any of the following:

- The agreement concerned training to be provided to employees of ASY, all of whom reside and work in the PRC, and at least some of whom are no longer employed by ASY;

- The testimony of all traders employed by ASY, including those no longer employed by ASY, is necessary and relevant to the defense of plaintiffs' **trade secrets' claims**;

- None of these traders speak English, and all would require an interpreter to testify in this Court;

4

- This Court has no authority to compel the testimony, either at trial or by deposition, of persons residing in the PRC;

- By contrast, a court in the PRC can compel testimony from witnesses residing in the PRC; and

- Even if some or all of these witnesses are willing to testify in Texas, they may be unable to because of travel restrictions imposed by the government of the PRC and/or financial constraints.

Plaintiffs merely argue that the testimony of these witnesses is irrelevant for plaintiffs' breach-of-contract claim. Even assuming this is true, however, plaintiffs' response wholly fails to address AAFIS' evidence that the testimony of **all** of these witnesses is necessary for the defense of plaintiffs' **trade secrets' claim**. Thus, if this case is dismissed in favor of a forum in the PRC, Cleary and Compher may suffer some inconvenience that will be tempered by the fact that they agreed to perform services under the agreement in the PRC and have demonstrated an intent to attempt to do further business in the PRC. By contrast, if this case is retained in this Court, AAFIS will likely be deprived of the testimony of literally hundreds of witnesses, whose testimony, it is undisputed, is necessary to the defense of plaintiffs' claims. Thus, this factor strongly favors dismissal for forum non conveniens.

Likewise, with respect to the location of relevant books and records, plaintiffs argue only that their records are located primarily in Houston and AAFIS' records are presumably located in California, where AAFIS has its principal place of business. The parties, however, have control over their own records, and plaintiffs offer no evidence to contradict AAFIS' evidence that numerous trading records of ASY employees, which are located in the PRC and which are in Chinese, are necessary to the defense against plaintiffs' claims, and

5

that this Court has no authority to compel the production of these documents, while a court in the PRC does. Moreover, AAFIS does not dispute that the courts of the PRC have the authority to accept as evidence discovery products obtained in foreign jurisdictions, including the United States.

Accordingly, the location of the relevant books and records strongly favors dismissal for forum non conveniens.

### 2. The public interest factors favor the PRC.

Plaintiffs argue that the public interest factors favor the PRC because plaintiffs are located in Houston, some of the negotiations for the agreement occurred in Houston, and the agreement was partially performed in Houston.

Plaintiffs, however, did not file their lawsuit in Houston, even though they could have done so. Instead, Plaintiffs are asking this Court in Galveston to devote its resources to deciding this dispute and are asking a Galveston Division jury, not one of whose members, by definition, will live in Houston, serve as the finders of fact.[3] The record in this case, however, is devoid of any connection between plaintiffs or their lawsuit and Galveston, and thus there is no public interest in having this case decided in Galveston by this Court and a Galveston Division jury. While it would it would not be impermissible, there is no compelling reason to do so. By contrast, this case concerns training that was provided to residents of the PRC and trade secrets that were allegedly disclosed by those PRC residents, presumably in the PRC. Accordingly, the public interest factors favor the courts of the PRC.

---

[3] Additionally, contrary to plaintiffs' contentions, they did not ask for a jury in this case. Rather, the jury demand was made by AAFIS after the Court indicated that it would put this matter on the jury docket, notwithstanding plaintiffs' failure to demand a jury.

6

Respectfully submitted,

/s/ Ben C. Broocks

Ben C. Broocks
State Bar No. 03058800
Federal Bar ID 7421
**JACKSON WALKER L.L.P.**
100 Congress Avenue, Suite 1100
Austin, TX 78701
512.236.2000 (main)
512.236.2002 (fax)
**ATTORNEY IN CHARGE FOR DEFENDANT AAFIS, INC.**

**OF COUNSEL:**

**JACKSON WALKER L.L.P.**
Alan Daughtry
State Bar No. 00793583
Federal Bar ID 27989
1401 McKinney Street, Suite 1900
Houston, TX 77010-9907
713.752.4200 (main)
713.752.4221 (fax)

Mark L. Walters
State Bar No. 00788611
Federal Bar ID 18109
100 Congress Avenue, Suite 1100
Austin, TX 78701
512.236.2000 (main)
512.236.2002 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Francis Spagnoletti
David S. Toy
401 Louisiana Street, 8th Floor
Houston, Texas 77002

_____
Mark L. Walters