UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| S&D TRADING ACADEMY, LLC, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-06-739 |
| | § | |
| AAFIS INC., *et al*, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING HELEN SHIH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, FOR LACK OF PERSONAL JURISDICTION, AND FOR IMPROPER VENUE

This case arises out of a dispute over payments for training services between Plaintiffs S&D Trading Academy LLC and S&D Global Trading, Inc. (collectively, "Plaintiffs") and Defendants AAFIS, Inc., Helen Shih, and Marty Shih.  This Court previously denied AAFIS's Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens, Insufficient Service of Process, and Improper Venue.  Now before the Court is Defendant Helen Shih's Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction, and Improper Venue.  This Motion is **GRANTED**, and Plaintiffs' claims against Helen Shih are **DISMISSED WITHOUT PREJUDICE**.

**I. FACTS**

Plaintiffs have alleged that AAFIS breached a contract for training services provided by Plaintiffs and that AAFIS misappropriated trade secrets belonging to Plaintiffs.  Plaintiffs allege that AAFIS is an alter ego of Ms. Shih and Mr. Shih.

Ms. Shih, the sole shareholder of AAFIS, states that although Plaintiffs added her as a defendant on December 5, 2006, Plaintiffs did not seek issuance of a summons until May 25, 2007.  She alleges that the only attempt at service was a visit by a process server

to a California office building, where Ms. Shih maintains a rarely-used office. Ms. Shih states that the process server asked for the "AAFIS lady" and then left the summons and complaint with a staff accountant without determining whether Ms. Shih was actually present or whether this accountant was an appropriate person with whom to leave the papers.

Plaintiffs admit that they did not attempt to serve Ms. Shih until May 2007. However, Plaintiffs state that a California process server made eight attempts to serve her at her residence in May and June and then made five attempts to serve Ms. Shih at her "place of business at 9550 Flair Drive, Suite 400, El Monte, California." A substitute process server then undertook the service described by Ms. Shih on July 10, 2007, leaving the papers with Terry Chang, whom Plaintiffs describe as a "co-worker" of Ms. Shih (although Plaintiffs later allege that "AAFIS has no employees"). (Resp. to Mot. at 8.) The process server mailed a copy of the papers to this address as well.

With respect to Ms. Shih's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiffs claim that this Court has jurisdiction over Ms. Shih because she is an alter ego of AAFIS such that AAFIS's contacts with this forum should be attributed to Ms. Shih. Plaintiffs further claim that Ms. Shih has already appeared in this suit and "raised jurisdictional defenses." Plaintiffs claim that Ms. Shih "participated" in this suit by her affidavits and deposition testimony.

## II.  INSUFFICIENT SERVICE OF PROCESS

### A.  Legal Standard and Analysis

Federal Rule of Civil Procedure 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint,

the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for failure, the court shall extend the time for service for an appropriate period." Pursuant to Fed. R. Civ. P. 4(e), service effected within a judicial district of the United States may be effected pursuant to the law of the state in which service occurs. Once the adequacy of service is challenged, the plaintiff bears the burden of proving that service was valid. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Plaintiffs did not even obtain a summons for Ms. Shih until several weeks after the 120-period had expired, and they did not attempt to serve Ms. Shih until over a month after the 120-day period expired. Although Plaintiffs argue that Ms. Shih must have known about the suit and therefore has not suffered any prejudice due to defects or delay in service, Plaintiffs offer no "good cause" for their failure to make an attempt at service during the 120-day period. *See Sys. Signs Supplies*, 903 F.2d at 1013. Given that Ms. Shih gave her deposition on April 11, 2007, over a month before a summons was issued for her, and that Ms. Shih and AAFIS share the same attorney, the Court finds it difficult to believe that Plaintiffs were not able to obtain an address or other necessary information for locating Ms. Shih in the nearly six months between filing the complaint against her and obtaining the summons.

In addition, Plaintiffs have not properly served Ms. Shih. Plaintiffs allege that Ms. Shih lives and/or works in California, and that is where Plaintiffs attempted to serve Ms. Shih. California allows service on a natural person by (i) personal delivery or, if personal delivery is not possible, (ii) delivery at the person's usual dwelling, place of

business, or mailing address, "in the presence of a competent member of the household or a person apparently in charge of his or her office . . . at least 18 years of age, who shall be informed of the contents thereof," followed by a mailing of the summons and complaint to the same address.  Cal. Code Civ. Pr. § 415.20(b).

Plaintiffs claim that they served Ms. Shih by leaving a copy of the summons and complaint with "co-worker" Terry Chang at Ms. Shih's usual place of business.[1] Plaintiffs offer no evidence as to the relationship between Ms. Chang and either Ms. Shih or AAFIS, and, in particular, offer no evidence that Ms. Chang was "apparently in charge" of the office, as required by Cal. Code Civ. P. § 415.20(b).  *See Livingston v. Morgan*, No. C-06-2389 MMC, 2007 WL 1150922, at *3 (N.D. Cal. Apr. 18, 2007).

Also, it is unclear from the process server's statement of due diligence whether the papers were left at the offices of MMF, Inc. (another corporation with offices at 9550 Flair Drive, Suite 400, El Monte, California), or in the space occupied by AAFIS and Ms. Shih.  Ms. Chang states in her affidavit that she works for MMF, Inc., not AAFIS, and that the process server left the papers in her personal office, which is separate from the office space of AAFIS.  (Helen Shih's M. to Dismiss, Ex. A.)  The California Judicial Council's comment to Section 415.20(b) states that "[t]he term 'usual place of business' includes a defendant's customary place of employment as well as his own business enterprise," but California statutes and case law provide no basis for leaving the papers at the office of another business within the same building as the defendant's business.

---

[1] The Court also notes that the process server's six attempts at service at 9550 Flair Drive, Suite 400, El Monte, California, all occurred at times of the day when it would be normal for someone to be out of the office.  One attempt occurred at 8 a.m. (before usual business hours), three occurred at 8 p.m. or later (after usual business hours), and two occurred between 12 p.m. and 1 p.m. (during the lunch hour).  (Plaintiffs' Resp. to Helen Shih's M. to Dismiss, Ex. 4 at 5.)  This timing leads the Court to believe that the process server did not make his best efforts to deliver the documents to Ms. Shih.

### B. Conclusion

Although Ms. Shih clearly knows about the suit at this time, Plaintiffs are nonetheless obligated to follow the rules for proper service of process. In this case, Plaintiffs failed to make even an attempt to serve Ms. Shih within the allotted time and have not offered any reason for this failure. In addition, Plaintiffs' delayed service was not effective. Although it is within the Court's power to extend the time for service and allow Plaintiffs to attempt to serve Ms. Shih properly, that is unnecessary because this Court lacks personal jurisdiction over Ms. Shih, as explained below.

## III. LACK OF PERSONAL JURISDICTION

### A. Legal Standard

As a nonresident of Texas, Ms. Shih is subject to personal jurisdiction in this District if she is amenable to service of process under Texas's long-arm statute and the exercise of personal jurisdiction is consistent with due process. *See Electrosource, Inc. v. Horizon Battery Techs. Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Texas's long-arm statute grants jurisdiction over nonresident defendants who do business in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 1997). Jurisdiction over those doing business in Texas is coterminous with the jurisdiction allowed under the Due Process Clause of the United States Constitution. *See Williams v. Castro*, 21 F. Supp. 2d 691, 692 (S.D. Tex. 1998); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex. 1990). The question of personal jurisdiction therefore collapses into a single due process inquiry.[2]

---

[2] Because Plaintiffs have not made any allegations that Ms. Shih's own actions, separate from the actions of AAFIS, would subject her to the jurisdiction of this Court, and because the Court has already decided that AAFIS is subject to this Court's jurisdiction, it is unnecessary to recite the constitutional standards for minimum contacts and fairness.

If an "individual is an alter ego of a corporation over which the district court has established jurisdiction," the district court may also establish jurisdiction over that individual by attributing the corporation's activities in the forum state to the individual. *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 413 n.7 (5th Cir. 2004). In determining whether an individual is the alter ego of a corporation for jurisdictional purposes, a court must consider "the totality of the circumstances." *Century Hotels v. United States*, 952 F.2d 107, 110 (5th Cir. 1992). In particular, a court should consider the following factors: (i) whether the company is properly capitalized; (ii) whether the company keeps separate books; (iii) whether the individual commingles her funds with those of the corporation; (iv) whether the "corporation is used to promote fraud or illegality," (v) whether the company observes corporate formalities, and (vi) whether "the corporation is merely a sham." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) (quoting *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634 (8th Cir. 1975)). The level of control that the individual exercises over the corporation is also relevant. *See Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d 635, 643 (5th Cir. 1991). The plaintiff bears the burden of alleging facts demonstrating that the court has personal jurisdiction over the defendants. *See Hanson Pipe & Prods., Inc. v. Bridge Techs., LLC*, 160 Fed. Appx. 380, 381 (5th Cir. 2005).

**B. Analysis**

### 1) Attribution of AAFIS's Activities to Ms. Shih

Plaintiffs claim that Ms. Shih is subject to this Court's jurisdiction because AAFIS "is simply a shell through which Shih operates," and AAFIS's contacts with this forum have, as this Court has already found, subjected it to this Court's jurisdiction.

(Resp. to Mot. Dismiss at 6.)  However, every closely-held corporation is not an alter ego of the owner, and the general rule is that a court cannot exercise personal jurisdiction over an officer of a corporation based on the activities of the corporation.  *Stuart*, 772 F.2d at 1197.

In support of its theory that Ms. Shih is an alter ego of AAFIS, Plaintiffs allege that (i) Ms. Shih is the sole shareholder, (ii) Ms. Shih provides the capital for AAFIS, (iii) Ms. Shih is the president or COO, (iv) AAFIS has no other employees, (v) Ms. Shih determines the dividends paid to her by AAFIS, and (vi) Ms. Shih formed the corporation to make money for herself.  The Court assumes that all entrepreneurs form their corporations to make money for themselves and will therefore disregard this last point.  The remaining allegations do not sustain a finding that AAFIS is the alter ego of Ms. Shih.

The fact that Ms. Shih is the sole shareholder and officer of AAFIS does weigh in favor of finding that she is an alter ego of AAFIS; however, this fact alone does not establish that she is an alter ego.  *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 359-60 (5th Cir. 2003) (finding that district court erred in relying on a single factor rather than the totality of the circumstances).

Although Plaintiffs allege that Ms. Shih funded AAFIS initially and receives dividends from it, Plaintiffs do not allege that Ms. Shih makes loans to and borrows from AAFIS in a manner that would constitute commingling of funds rather than the appropriate infusion of capital by and return on that capital to a shareholder of a small business.  *See Chao v. Occup. Safety & Health Review Comm'n*, 401 F.3d 355, 366 (5th Cir. 2005) (comparing properly debited and credited transactions between entities with

improper personal use of corporate funds). In fact, Plaintiffs submitted part of Ms. Shih's deposition as Exhibit 2 to its Response to this Motion, and in that deposition Ms. Shih stated that she is not paid a salary by AAFIS, does not "take withdrawals from" AAFIS, and does not receive loans from AAFIS. (Plaintiffs' Response to Helen Shih's M. to Dismiss, Ex. 2 at 6.)

Plaintiffs' allegations concerning AAFIS's personnel appear to relate to whether AAFIS is a "sham" corporation.[3] A "sham" corporation is one that (i) "does not exist independent of its controlling shareholder" and (ii) was formed for "no reasonable business purpose or for fraudulent purposes." *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000). Even assuming that AAFIS does not exist independent of Ms. Shih, AAFIS appears to have been formed for a legitimate business purpose—day trading—and it has engaged employees/contractors and entered into contracts to further this purpose. Plaintiffs' evidence on the staff of AAFIS is inconsistent. On one hand, Plaintiffs allege that AAFIS does not have other employees, but on the other hand, Plaintiffs allege that their process server left a copy of the summons and complaint with Ms. Shih's "co-worker." AAFIS also apparently engages various independent contractors, such as Mitch Cariega and the day traders employed by ASY.

Plaintiffs have not made any allegations that AAFIS is undercapitalized, that AAFIS does not maintain separate books, that Ms. Shih used the company to perpetrate fraud, or that AAFIS has ignored corporate formalities. *Cf. The Richards Group, Inc. v. Brock*, Civil Action No. 3:06-CV-0799-D, 2007 WL 700896, at *4 (N.D. Tex. Mar. 7, 2007) (finding that an individual was an alter ego of his corporation when he was the sole

---

[3] To the extent that Plaintiffs intend to refer to the "sham to perpetrate a fraud" doctrine under Texas law, Plaintiffs have not alleged any facts supporting a theory that Ms. Shih used AAFIS to perpetrate a fraud or a constructive fraud. *See Permian Petroleum*, 772 F.2d at 644.

shareholder and director, the corporation's address was his personal residence, he used the corporate checking account to pay personal bills, the corporation was undercapitalized, and the individual entered into contracts in his own name). Plaintiffs have not established a *prima facie* case that Ms. Shih is the alter ego of AAFIS, and therefore AAFIS's activities cannot be attributed to Ms. Shih for the purpose of establishing personal jurisdiction over her.

### 2) Waiver of Objections to Personal Jurisdiction

Plaintiffs also argue that Ms. Shih has waived her right to object to personal jurisdiction by appearing in this case through her deposition and through the Unopposed Motion of Helen Shih to Extend Response Date. Neither of these actions constitutes a waiver of objection to personal jurisdiction.

Fed. R. Civ. P. 12(b) requires all defenses to be made in the responsive pleading, except the six enumerated defenses that may be asserted in a pre-answer motion. Fed. R. Civ. P. 12(h) states that the defenses of lack of personal jurisdiction, improper venue, and insufficiency of service of process are waived if not included in the Rule 12 motion or if not made in a Rule 12 motion or in the answer. Therefore, the defense of lack of personal jurisdiction is only waived if a party files a Rule 12 motion or an answer without asserting that defense. A motion to extend the time to answer is neither a Rule 12 motion nor an answer, and it does not therefore cause the moving party to waive objections to personal jurisdiction under the rubric of Rule 12.

Further, a motion to extend time to answer, particularly one that notes that the defendant is considering all defenses, as Ms. Shih's motion did, does not constitute a request for affirmative relief that impliedly recognizes a court's jurisdiction. *See, e.g.,*

*PaineWebber, Inc., v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460-1 (5th Cir. 2001) (noting that even the filing of a cross-claim or counterclaim does not waive objections to personal jurisdiction); *United States v. 51 Pieces of Real Property, Roswell, N.M.,* 17 F.3d 1306, 1314 (10th Cir. 1994) (noting that a motion to extend the time for filing a responsive pleading does not waive the defense of lack of personal jurisdiction); *Manchester Knitted Fashions, Inc., v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 692 n.6 (1st Cir. 1992); *Terzano v. PFC*, 986 F. Supp. 706, 709 (D. P.R. 1997).

Appearance as a witness, even on behalf of co-defendants, does not constitute an appearance that would waive objection to personal jurisdiction. *See Schuckman v. Rubenstein*, 164 F.2d 952, 956 (6th Cir. 1947); *Nat'l Expositions, Inc. v. DuBois*, 97 F.R.D. 400, 403 (W.D. Pa. 1983).

### C. Conclusion

Plaintiffs have not established a prima facie case that this Court has personal jurisdiction over Ms. Shih. Plaintiffs have not shown that Ms. Shih and AAFIS are alter egos of each other, and the Court cannot therefore attribute AAFIS's actions to Ms. Shih for jurisdictional purposes. Plaintiffs have not alleged facts showing that Ms. Shih independently has sufficient contacts with this forum to establish personal jurisdiction. Ms. Shih has not waived her defense of lack of personal jurisdiction by providing deposition testimony or by moving to extend the time to answer. Therefore, this Court cannot exercise personal jurisdiction over Ms. Shih and must dismiss Plaintiffs' claims against her pursuant to Fed. R. Civ. P. 12(b)(2).

## IV.  CONCLUSION

Plaintiffs did not properly serve Ms. Shih within the allotted time period, and they have offered no justification for this failure.  In addition, this Court does not have personal jurisdiction over Ms. Shih.  **Plaintiffs' claims against Ms. Shih are therefore DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas, this _____26th_____ day of October, 2007 .

John R. Froeschner
United States Magistrate Judge