IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| S&D TRADING ACADEMY, LLC, ET AL. § | | |
| § | | |
| VS. § | CIVIL ACTION NO. G-06-739 | |
| § | | |
| AAFIS INC., ET AL. § | | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment on Plaintiff's Breach-of-Contract Claim" filed by Defendant, AAFIS. Having considered the Motion, the Parties submissions and the arguments of counsel, the Court now issues this Opinion and Order.

Because this Court held a lengthy Hearing on the Motion, it will not take the time to recite the facts. It will only state that it has, as it must, viewed the relevant facts in the light most favorable to Plaintiffs S&D Trading Academy, LLC and S&D Global Trading, Inc. (S&D).

## BREACH OF CONTRACT CLAIM

AAFIS argues that the statute of frauds bars S&D's breach of contract claim. S&D, on the other hand, argues that it is entitled to overcome AAFIS's statute of frauds defense on the basis of the equitable doctrines of partial performance and/or equitable estoppel.

Partial Performance

The Court finds that a Jury could believe that up until its termination in October 2006, the oral agreement as understood by the Parties encompassed all the material contractual terms intended by them and that the late demand for a non-competition provision after more than a year of mutual performance under the Agreement was simply an effort by AAFIS to either keep S&D out of their successful market or scuttle the Agreement to avoid sharing the profits it stood to gain

after it had mastered S&D's day trading techniques. Either finding could establish sufficient unconscionable contractual dealings to support a finding of fraud and provide a basis for the application of the partial performance exception. See Mercer v. C.A. Roberts Co., 570 F.2d 1232, 1236-37 (5th Cir. 1978)   The Court further finds that S&D's performance is directly referable to the contract which established the method for calculating each payment made by AAFIS to S&D; clearly S&D's performance was done with no other design than to fulfill the particular agreement it seeks to enforce. Exxon Corp. v. Breezebale Ltd., 82 S.W.3d 429, 440 (Tex. App. -- Dallas 2002)   Finally, while the agreement in question is a contract for services, a Jury could find that AAFIS acted in such a way as to purposefully pirate and exploit S&D's day trading techniques, conduct egregious enough to give rise to equitable intervention. Mercer, 570 F.2d at 1237

Equitable Estoppel

The Court disagrees with AAFIS's argument that before equitable estoppel may be raised by the Plaintiffs, they must show that they relied on a promise by AAFIS to sign a written agreement already in existence. In E.P. Operating Co. v. MJC Energy Co., 883 S.W.2d 263, 268-69 (Tex. App. -- Corpus Christi 1994), the Court held that estoppel could arise "when a party promises to sign a proposed contract that has not yet been reduced to writing but on which the parties have reached agreement concerning all material terms." See also, Cobb v. West Texas Microwave Co., 700 S.W.2d 615 (Tex. App. -- Austin 1985, writ ref'd n.r.e.)   Therefore, the Court concludes that equitable estoppel may properly be raised at this juncture.

**BREACH OF CONTRACT DAMAGES**

Unfortunately, for Plaintiffs, their damages under either of these equitable doctrines will be limited to the recovery of only reliance damages, if any. Exxon, 82 S.W.3d at 441

Conclusion

For all of the foregoing reasons, it is the **ORDER** of this Court that the "Motion for Summary Judgment on Plaintiffs' Breach-of-Contract Claim" (Instrument no. 55) of Defendant AAFIS, Inc., is **DENIED** and it's alternative Motion to limit Plaintiff's recovery to reliance damages on its breach of contract claim is **GRANTED**.

**QUANTUM MERUIT CLAIM**

As to S&D's quantum meruit claim, the Court finds that if S&D were to prevail its damages would be limited to the reasonable value for the services rendered prior to the termination of the oral agreement less the amount of payments already received. Cf. Campbell v. Northwestern Nat'l Life Ins. Co., 573 S.W.2d 496, 498 (Tex. 1978); RESTATEMENT (THIRD) OF THE LAW OF RESTITUTION AND UNJUST ENRICHMENT § 31 cmt. e, ill. 9.

**DONE** at Galveston, Texas, this \_\_\_\_\_3rd\_\_\_\_\_ day of December, 2007.

_____
John R. Froeschner
United States Magistrate Judge