IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| S&D TRADING ACADEMY, LLC, ET AL. § | | |
| § | | |
| VS. § | CIVIL ACTION NO. G-06-739 | |
| § | | |
| AAFIS INC., ET AL. § | | |

## OPINION AND ORDER

After full consideration of the Motion for Summary Judgment of Defendant AAFIS, Inc., the Court issues this Opinion and Order.

The facts relevant to the issue dispositive of the Motion can be almost entirely summarized by borrowing a sentence from the Plaintiffs' response: (Plaintiffs) "Donald J. Cleary ("Cleary") and Robert Compher ("Compher"), first as individuals, and then as principles of Plaintiffs S&D Trading Academy, LLC. and S&D Global Trading, Inc., taught agents, servants or employees of Defendant AAFIS how to day trade stocks on the New York Stock Exchange." A few additional facts are of significance. First, in return for the teaching, Plaintiffs were to receive compensation of $1.00 for each 1,000 shares traded and a bonus of 1/3 of the net profits earned by each of the students they trained. Second, no Plaintiff, in any capacity, was ever registered as an Investment Advisor with either the Securities Exchange Commission (SEC) or the State of Texas during the performance of the underlying agreement.

Since the Plaintiffs concede that if they were required to be registered by either entity they are precluded from any recovery in this cause, the Court has confined its analysis to the sole issue of the registration requirement and, having read the Parties' submissions and authorities and

having carefully evaluated their arguments, has concluded that, at the very least, the Plaintiffs were required to register as Investment Advisors with the State of Texas.

The Texas Securities Act forbids Investment Advisors from conducting business without first registering and nullifies any agreement to pay fees or commissions to an unregistered person or entity doing the business of an Investment Advisor. As AAFIS points out, the Plaintiffs, as part of their teaching regimen, "dispensed advise with respect to the value of securities, the advisability of purchasing or selling securities and market research." The Plaintiffs seem to concede that these actions clearly fall within the definition of an Investment Advisor under Article 581-4(N), but, regardless, the Court finds that they do.

In their effort to avoid the preclusive effect of the Texas Act, Plaintiffs claim to fall within the "teacher" exception to registration contained in Article 581-4(N)(2); however, this Court finds their argument unpersuasive. By looking to the decisions of the SEC interpreting the almost identical provision in the federal statute, 15 U.S.C. § 80b-2(11), it is clear that the "teacher" exception only covers actual teachers who work for accredited and certified institutions or schools of higher learning. See e.g.: Joseph P. Kanouse, SEC No-Action Letter, 1977 WL 10657 (May 26, 1977)   The teacher exemption is, therefore, simply unavailable to the Plaintiffs.

For the foregoing reasons, it is the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 126) of AAFIS, Inc., is **GRANTED**.

One final observation. In the opinion of this Court had Cleary or Compher sought legal advise at the outset of this venture, competent counsel would, most likely, have advised them to enter into an enforceable written contract and properly register. Unfortunately, for the Plaintiffs,

they, either purposefully or thoughtlessly, did not do so and have now suffered these adverse consequences.

    **DONE** at Brownsville, Texas, this ___3rd___ day of June, 2008.

                                                  _____
                                                  John R. Froeschner
                                                  United States Magistrate Judge